**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PHILLIP LENARD NEAL,

                Petitioner,

vs.                                Case No.:    3:15-cv-1303-J-34MCR
                                                              3:12-cr-167-J-34MCR

UNITED STATES OF AMERICA,

                Respondent.

_____/

## <u>ORDER</u>

This case is before the Court on Petitioner Phillip Lenard Neal's "Motion to Vacate and Set Aside Conviction and Sentence Pursuant to Title 28 U.S.C., Section 2255." (Doc. 1, Motion to Vacate).[1]  The United States filed a "Memorandum in Opposition" on March 29, 2016.  (Doc. 5, USA's Memorandum).  Neal filed a Reply on April 25, 2016.  (Doc. 6, Reply).

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that an evidentiary hearing is not necessary to resolve the merits of this action. <u>See</u> <u>Aron v. United States</u>, 291 F.3d 708, 714–15 (11th Cir. 2002) (an evidentiary hearing on a § 2255 petition is not required when the petitioner asserts allegations that are

---

[1]    Citations to the record in the underlying criminal case, <u>United States of America vs. Phillip Lenard Neal</u>, Case No. 3:12-cr-167-J-34MCR, will be denoted as "Crim. Doc. __."  Citations to the record in the civil § 2255 case, Case No. 3:15-cv-1303-J-34MCR, will be denoted as "Doc. __."

[2]    Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before deciding on a § 2255 motion.

affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (concluding that a petitioner's ineffective assistance claim can be dismissed without an evidentiary hearing when the petitioner alleges facts that, even if true, would not entitle him to relief); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) ("On habeas a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel."); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3]  For the reasons set forth below, Neal's Motion to Vacate is due to be denied.

## I.    Background

On October 4, 2012, a grand jury sitting in the Middle District of Florida indicted Neal on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  (Crim. Doc. 1, Indictment; Crim. Doc. 36, Corrected Indictment).  The Indictment identified four prior felony convictions that would render Neal subject to the 15-year mandatory minimum sentence set forth in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  Those convictions are as follows:

a. Robbery, in Case No. 02-00136-CFFA, in the Circuit Court, Seventh Judicial Circuit, in and for Flagler County, Florida, on or about September 10, 2003.

---

[3]    Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point.  Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

b. Possession of cocaine with intent to sell, in Case No. 04-00241-CFFA, in the Circuit Court, Seventh Judicial Circuit, in and for Flagler County, Florida, on or about December 12, 2004;

c. Possession of cannabis with intent to sell and possession of cocaine with intent to sell, in Case No. 04-00471-CFFA, in the Circuit Court, Seventh Judicial Circuit, in and for Flagler County, Florida, on or about December 12, 2004; and

d. Sale of cocaine within 1,000 feet of public housing, in Case No. 06-01055-CFFA, in the Circuit Court, Seventh Judicial Circuit, in and for Flagler County, Florida, on or about March 27, 2007.

(Indictment at 1-2; see also Crim. Doc. 24, Notice of Maximum Penalties at 4).

On January 31, 2013, Neal pled guilty to the single felony charge in open court. (See Crim. Doc. 40, Change of Plea Transcript; Crim. Doc. 26, Acceptance of Plea).  On June 24, 2013, the Court sentenced Neal to a term of 195 months in prison.  (Crim. Doc. 41, Sentencing Transcript at 48-54; see also Crim. Doc. 37, Judgment at 1).  Neal did not contest that his prior convictions made him eligible for the ACCA's 15-year mandatory minimum.  (Sentencing Transcript at 48-49).

Neal appealed to the Eleventh Circuit Court of Appeals, at which point counsel filed an Anders brief.[4]  (See Crim. Doc. 51, USCA Opinion).  The Eleventh Circuit, after an independent review of the record, agreed with counsel's assessment that the appeal lacked merit, and affirmed Neal's conviction and sentence.  (Id.).

## II.    Neal's Motion to Vacate

On or around October 30, 2015, Neal moved to vacate his sentence under 28 U.S.C. § 2255.  Neal's sole claim is that the imposition of the ACCA's 15-year mandatory minimum is unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015)

---

[4]     Anders v. California, 386 U.S. 738 (1967).  An attorney files a so-called "Anders-brief" when (s)he believes there are no meritorious grounds for appeal.

(holding that the "residual clause" component of the ACCA's definition of a "violent felony" is unconstitutionally vague). (See Motion to Vacate at 8-10). The United States has responded to the Motion to Vacate, arguing that Johnson does not render Neal eligible for relief because he had three prior convictions for "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A), the validity of which Johnson did not call into question. (USA's Memorandum at 3-5).[5]

## III.    Discussion

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

Ordinarily, an individual convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), faces a maximum sentence of imprisonment of 10 years. Under the ACCA, however, an individual convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years if he has three prior federal or

---

[5]    The Court recognizes that the United States also contends the Motion to Vacate is untimely. (USA's Memorandum at 5-6). Because it is equally straightforward to address Neal's claim on the merits, however, the Court will take that approach instead.

state convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added).

Under the ACCA, the term "serious drug offense" means:

    **(i)** an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

    **(ii)** an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

18 U.S.C. § 924(e)(2)(A).

Under the ACCA, the term "violent felony" means:

any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

    **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    **(ii)** is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The last fifteen words of § 924(e)(2)(B)(ii) (underlined above) constitute the so-called "residual clause."  In <u>Johnson</u>, the Supreme Court held only that the "residual clause" was unconstitutionally vague. 135 S. Ct. at 2557.  The Supreme Court specifically stated that its ruling did "not call into question application of the Act to the four enumerated

offenses, or the remainder of the Act's definition of a violent felony." Id. at 2563. Likewise, the Johnson decision did not address, let alone call into question, the definition of the term "serious drug offense."

In this case, Neal had prior convictions for the following offenses under Florida law: possession of cocaine with intent to sell (state court case number 04-00241-CFFA); possession of cocaine with intent to sell (state court case number 04-00471-CFFA) (putting aside the other conviction for possession of cannabis with intent to sell); and sale of cocaine within 1,000 feet of a school (state court case number 06-01055-CFFA). Florida law makes the sale of cocaine, or the possession of cocaine with intent to sell, a second-degree felony. Fla. Stat. §§ 893.13(1)(a), 893.03(2)(a)4. The Eleventh Circuit has recognized that the sale of cocaine, or possession of cocaine with intent to sell, is a "serious drug offense" under the ACCA. United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014) ("Section 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b)."); United States v. Darling, 619 F. App'x 877, 880 (11th Cir. 2015) (Florida state law conviction for sale of cocaine is a "serious drug offense" under the ACCA); United States v. Bullard, 610 F. App'x 898, 900 (11th Cir. 2015) (for the reasons substantially stated in Smith, a Florida state law conviction for possession of cocaine with intent to sell is a "serious drug offense" under the ACCA). As such, at the time of sentencing Neal had three prior convictions for crimes that qualify as a "serious drug offense" under the ACCA, 18 U.S.C. § 924(e)(2)(A).[6]

---

[6]     The Court further observes that Neal did not contest the suitability of these prior convictions for purposes of the ACCA enhancement. (Sentencing Tr. at 48-49).

Because Neal has three prior convictions for "serious drug offenses," his ACCA sentence does not depend on the now-invalid "residual clause."  Johnson thus has no application to Neal's case.  The Court properly sentenced Neal as an armed career criminal, and therefore Neal did not suffer from an illegally enhanced sentence.

## IV.    Certificate of Appealability

If Neal seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 (c)(2). To make this substantial showing, Neal "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby

**ORDERED:**

1. Petitioner Phillip Lenard Neal's "Motion to Vacate and Set Aside Conviction and Sentence Pursuant to Title 28 U.S.C., Section 2255" (Doc. 1) is **DENIED**.

2. Neal's Motion to Appoint Counsel (Doc. 7) is **DENIED AS MOOT**.

3. The Clerk shall enter judgment in favor of the United States and against Petitioner Phillip Lenard Neal, and close the file.

4. If Neal appeals the denial of the petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of June, 2016.

MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:

Counsel of record
Pro se petitioner

8