## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:12-cr-167-MMH-MCR

PHILLIP LENARD NEAL   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

### **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

Defendant Phillip Lenard Neal is a 37-year-old inmate incarcerated at Lee USP, serving a 195-month term of imprisonment for possession of a firearm by an armed career criminal. (Doc. 37, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on November 27, 2026. Neal seeks a reduction of his sentence to time served because he contends the Indictment was corrected without being resubmitted to a grand jury, the original Indictment was defective, he has participated in

prison programming and has maintained good behavior, his sister passed away a month ago, and his mother is getting older. (Doc. 64, Renewed Motion for Compassionate Release at 1–2). The Court has determined that a response from the government is not necessary.

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). One of those exceptions is § 3582(c)(1)(A), which provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021); see also U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons").

2

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). However, "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order." Id. "Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement – are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1238.

A movant for compassionate release must show that a reduction in sentence is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

Neal does not qualify for a sentence reduction under § 3582(c)(1)(A) because he has not shown "extraordinary and compelling reasons" as defined by the applicable policy statement, § 1B1.13. Neal moves for a sentence

3

reduction based on an allegedly defective Indictment, his post-sentence rehabilitation, the death of his sister, and his aging mother. None of these reasons qualifies under any of the circumstances that § 1B1.13, Application Note 1 describes as "extraordinary and compelling." Neal does not show that he suffers from a terminal illness or a "serious medical condition," § 1B1.13, cmt. 1(A), that he is over 65 and in declining health, § 1B1.13, cmt. 1(B), or that his spouse or the caregiver of a minor child is incapacitated, § 1B1.13, cmt. 1(C). The warden of Neal's facility denied his request for a sentence reduction and the BOP has not filed a motion on Neal's behalf (see Doc. 64-1), so the BOP Director has not determined that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." § 1B1.13, cmt. 1(D).

"[A] district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" Bryant, 996 F.3d at 1249. "[Section] 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." Id. at 1248. "Because [Neal's] motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling,'" he does not qualify for a reduction in sentence. Id. at 1265. Given this determination, the Court need not address

4

the § 3553(a) factors or decide whether Neal is a danger to the public. See Tinker, 14 F.4th at 1238.

Accordingly, Defendant Phillip Lenard Neal's Renewed Motion for Compassionate Release (Doc. 64) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of May, 2022.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Defendant